**SO ORDERED.**

**SIGNED this 16 day of November, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

MARTHA SHEPARD,                     CHAPTER 13
                                    CASE NO. 12-05482-8-RDD
    DEBTOR

## ORDER DENYING MOTION TO SET ASIDE DISMISSAL

Pending before the Court is the Motion to Set Aside Dismissal (the "Motion") filed by Martha Shepard (the "Debtor") on September 20, 2012; the Trustee's Response to Debtor's Motion to Set Aside Dismissal filed by Richard M. Stearns, the Chapter 13 Trustee, on September 24, 2012; and the Response to Debtor's Motion to Set Aside Dismissal filed by Bank of America, N.A. on October 15, 2012. The Court conducted a hearing on November 6, 2012 in New Bern, North Carolina to consider the Motion and the objections.

### BACKGROUND

**I.    Previous Bankruptcy Filings**

The Debtor filed five voluntary petitions for relief under Chapter 13 of the Bankruptcy Code.[1]

---

[1] Four cases, case numbers 11-03019-8-RDD, 11-08948-8-RDD, 12-01096-8-RDD, 12-04338-8-RDD, were previously dismissed. The current filing, case number 12-05482-8-RDD was dismissed on September 11, 2012.

From April 2011 to June 2012, the Debtor filed the first four bankruptcy cases, all of which were dismissed based on the Debtor's failure to meet filing requirements. The first case was dismissed for failure to obtain a confirmable plan. The third case was dismissed for failure to provide documents required by § 521(a) of the Bankruptcy Code. The second and fourth cases were dismissed for failure to complete a credit counseling course as required by § 109(h) of the Bankruptcy Code.

## II.     Procedural History for the Fifth Bankruptcy Filing

The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on July 30, 2012. On August 7, 2012, a Notice of Deficiency of Certificate of Credit Counseling was mailed to the Debtor's residence informing the Debtor she failed to file the certificate. An Order to Show Cause was entered on August 16, 2012, requiring the Debtor to appear on September 6, 2012. The Debtor filed the Certificate of Credit Counseling on August 27, 2012. The Order to Show Cause was dismissed on September 5, 2012. On August, 13, 2012, Deutsche Bank filed a Motion to Dismiss Case, a Motion for Relief From Stay, a Motion Confirming Stay Is Not In Effect, and a Motion For Adequate Protection (hereinafter "Creditor's Motions"). A hearing was scheduled for September 6, 2012. The Debtor failed to appear at the hearing and the case was dismissed with prejudice. The order dismissing the case barred the Debtor from filing another bankruptcy petition for 360 days.

## III.    Present Motion to Reopen Debtor's Chapter 13 Case

In the Motion, the Debtor argues that this case should be reopened because of her desire to remain in her home and finish paying off the homes associated with the group homes she operates. The Debtor was present at the hearing with her son, who spoke on her behalf. The Debtor's son

2

explained the Debtor failed to attend the September 6, 2012 hearing due to a misunderstanding. The Debtor believed the hearing was on the show cause order for failure to file the certificate of credit counseling. The Debtor filed the certification and the order to show case was dismissed on September 5, 2012. The Debtor asserts she did not realize the hearings on the Creditor's Motions remained calendared and the Debtor failed to attend.

At the hearing for the Motion and objections, the Debtor's son asked the court for a continuance in order to obtain legal counsel. The Debtor's son argued that the Court should reopen the case because the Debtor previously proceeded *pro se* and that she made a good faith effort to file the necessary statements, schedules, and make the necessary payments to the best of her ability. The Debtor's son stressed the family's desire to save the remaining homes related to their family business.

The Chapter 13 Trustee objected to the motion to set aside dismissal and requested a hearing on the objection to the Motion. At the hearing, the Trustee objected to a continuance and to the reopening of the case. Specifically the Trustee objected to continuing the Motion because this was the fifth bankruptcy case filed by the Debtor, none of the prior cases were successful, and the Debtor was delinquent four payments as of September 2012.

Bank of America objected to the motion to set aside dismissal as servicer for the Debtor's mortgage. In its objection, Bank of America stated that the Debtor owed approximately $29,233.41 in pre-petition arrearages. The objection further stated that the Debtor filed four previous bankruptcy cases, which were pending within the previous year and these multiple bankruptcy cases were filed for the purpose of hindering, delaying, and defrauding her creditors the ability to collect the monies owed.

**DISCUSSION**

The Court treats the Motion as one brought pursuant to Federal Rule of Civil Procedure 60(b)(1), incorporated into the Federal Rules of Bankruptcy Procedure by Rule 9024.  Rule 60(b) provides a party may be relieved from a final judgment, order, or proceeding based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct, or any other reason that justifies relief.  Fed. R. Civ. Pro. 60(b)(1)-(6).  The party seeking relief under Rule 60(b) must show the motion is timely filed, the movant has a meritorious defense, and the opposing party would not be unfairly prejudiced by granting the proposed relief. *In re Canovali*, No. 09-05342-8-RDD, 2011 WL 307374 at *5 (Bankr. E.D.N.C. Jan. 27, 2011) (citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987); *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979)).

Here, the Court finds no sufficient cause exists to reopen the Debtor's case. The Court finds the Debtor has alleged no grounds justifying relief under Rule 60(b).  The Debtor failed to appear at the September 6, 2012 hearing and the Court dismissed the case due to the serial filings over the past two years.  The Court must hold the Debtor to the same standard an attorney is held.  While the facts may indicate the existence of excusable neglect, Rule 60(b) also requires showing a meritorious defense.  The Debtor has shown no ability to cure deficiencies or propose a plan.  As such, the Court finds no meritorious defense to Deutsche Bank's Motion to Dismiss.  Therefore, the Motion to Set Aside Dismissal is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**